JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILLIAN MORRIS, | Case No. 2:25-cv-11665-MAR |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO REMAND, DKT. 10 |
| MERCEDES-BENZ USA, LLC, | |
| Defendant. | |

## I.

## **SUMMARY OF ORDER**

Plaintiff Jillian Morris ("Plaintiff") filed the instant "lemon law" action in Los Angeles County Superior Court on October 29, 2025.   ECF Docket No. ("Dkt.") 1-1 ("Complaint").  Defendant removed the matter to this Court several months later, on December 8, 2025.  Dkt. 1 ("Notice of Removal").  Plaintiff now moves to remand to state court, arguing that Defendant has not established subject matter jurisdiction. Dkt. 10.  For the reasons stated below, the motion is **GRANTED**.

## II.

## **BACKGROUND**

On October 29, 2025, Plaintiff filed a complaint in Los Angeles County Superior Court alleging violations of California's Song-Beverly Consumer Warranty Act, California Civil Code Section 1790 et seq.  Complaint ("Compl.") at 1, 6–7.

Plaintiff alleged she leased a Mercedes Benz GLS460 on July 1, 2024, and that the vehicle was covered by Defendant's warranty.  Compl. ¶¶ 4, 8.  Plaintiff further alleged that the vehicle suffered from a number of defects, and that multiple repair visits failed to remedy those defects.  Id. ¶ 10–11.  Although the Complaint's cover sheet indicated that Plaintiff was demanding an amount that "exceeds $35,000," the Complaint itself did not state the amount of damages sought, the amount paid for the vehicle, or any other specific monetary figure.  The Complaint's prayer for relief, however, did seek restitution, actual damages, and attorney's fees, and prayed that "damages be doubled and awarded to plaintiff as a civil penalty."  Compl. at 7–8.

On December 8, 2025 Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Notice of Removal ("NOR") at 1.  Defendant represented that "the amount paid or payable by Plaintiff under the lease for the subject vehicle is $49, 025.00."  NOR at 3:22–23.  Although Defendant did not state how it came to this figure, Defendant did attach a Motor Vehicle Lease Agreement indicating $49,025.00 as "The amount you will have paid by the end of the lease."  NOR, Ex. B.  Plaintiff now moves to remand to state court, arguing that Defendant has failed to establish the amount in controversy necessary to invoke federal subject matter jurisdiction.  Motion to Remand, Dkt. 10 at 8..

### III.

### <u>LEGAL STANDARD</u>

District courts have original jurisdiction over all civil actions "arising under the laws . . . of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a).  A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court.  See 28 U.S.C. § 1441(a).  The case must, however, be remanded to state court if, at any time before final judgment, it appears that the

2

federal court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c); Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 87 (1991).  Federal courts "strictly construe the removal statute against removal jurisdiction," such that any doubt as to the propriety of removal is resolved in favor of remanding the case to state court.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  A removing defendant bears the burden of proving federal jurisdiction.  See Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus, 980 F.2d at 566.

## IV.

## DISCUSSION

As an initial matter, although the parties appear to be in accord that $49,025.00 in actual damages is the proper starting point for any calculation of the amount in controversy (Motion at 8:5; Opposition at 2:12), the Court disagrees.  Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

Generally, "[a]ctual damages under the Song-Beverly Act are equal to the actual price paid or payable by the buyer, minus the reduction in value directly attributable to use by the buyer."  Lukas v. Gen. Motors, LLC., No. 2:25-CV-08305-WLH-MAA, 2025 WL 3456648, at *5 (C.D. Cal. Dec. 1, 2025) (quoting Cal. Civ. Code § 1793.2(d)(2)(B)–(C) (internal quotation marks omitted).  "But if a plaintiff leased the subject vehicle rather than purchased it, . . . the calculation of actual damages is slightly different."  Gomez v. Nissan N. Am., Inc., No. 2:24-CV-09020-SVW, 2025 WL 26368, at *3 (C.D. Cal. Jan. 3, 2025).  "[D]istrict courts in this circuit consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met."  Cuevas v.

3

Ford Motor Co., No. CV221520DMGMAAX, 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022); see also D'Amico v. Ford Motor Co., No. CV 20-2985-CJC (JCX), 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020) ("Because Plaintiff leased the car, the price paid under the statute is . . . only what Plaintiff has paid under her lease.") (internal quotation marks omitted).

Here, Defendant does not provide any evidence of how much Plaintiff has actually paid under the lease. This failure alone could warrant remand, as it is Defendant's burden to prove federal jurisdiction. Luther, 533 F.3d at 1034; Gaus, 980 F.2d at 566. But even putting that burden aside, it appears to the Court that the amount in controversy here likely falls short of the $75,000 jurisdictional threshold. The lease agreement calls for monthly payments of $1,098.00, the first of which appears to have been included in Plaintiff's $10,000 down payment. NOR, Ex. B. Plaintiff first requested that Defendant repurchase the defective vehicle in April 2025. Compl. ¶ 16. Even assuming that Plaintiff made all nine lease payments before making that request, she would have paid a total of $19,882.00.

That figure, moreover, is subject to various statutory offsets, including for mileage. See Cal. Civ. Code § 1793.2; Solis v. Gen. Motors LLC, No. EDCV 25-02454-KK-SPX, 2025 WL 3268813, at *2 n.4 (C.D. Cal. Nov. 24, 2025) (describing various offsets under Cal. Code Civ. Proc. § 871.27; Stewart v. Gen. Motors LLC, No. 2:25-CV-07153-SPG-MAA, 2025 WL 2848991, at *3 (C.D. Cal. Oct. 7, 2025); Larios v. Nissan N. Am., Inc., No. 2:25-CV-05095-AJR, 2025 WL 2402250, at *5 (C.D. Cal. Aug. 16, 2025). Mileage bears on actual damages insofar as it translates to a reduction in a vehicle's value attributable to a "buyer prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the [warranty dispute]." Cal. Civ. Code § 1793.2(d)(2)(C). By statute, that reduction in value is calculated "by multiplying the actual price of the new motor vehicle . . . by a fraction having as its

4

denominator 120,000 and having as its numerator the number of miles traveled."[1] [2] Id. Thus, the higher the mileage, the higher the reduction in value, and the lower a plaintiff's actual damages.

Here, again, Defendant has provided no evidence of the vehicle's repair history, let alone attempted to calculate the applicable mileage offset. Although the Complaint does list a series of repair visits and corresponding mileages, it is not apparent from the complaint which defect pertains to which repair visit, rendering it difficult, if not impossible, to determine the mileage at the time Plaintiff first delivered the vehicle for correction of the particular defect (or defects) giving rise to the instant dispute. Resolving any doubt in Plaintiff's favor, 8,024 miles are attributable to Plaintiff. Compl. ¶ 11. And, according to the Lease Agreement, the agreed upon value of the vehicle was $81,543.97. NOR, Ex. B. Thus, the total lease payment figure is subject to a mileage offset of $5,452.51, for a resulting actual damages total of $14,429.49.[3]

As for civil penalties, Plaintiff's Complaint seeks up to two times Plaintiff's actual damages. "The Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied." Wang v. FCA US LLC, No. 8:24-CV-02060-JWH-KES, 2025 WL 1218745, at *2 (C.D. Cal. Apr. 28,

---

[1] "The Ninth Circuit has held that 28 U.S.C. § 1446(b)(1) requires a defendant to apply a reasonable amount of intelligence in ascertaining removability[,] and that multiplying figures . . . is an aspect of that duty." Perry v. Ford Motor Co., No. 2:24-CV-03197-WLH-MAR, 2024 WL 3879142, at *3 (C.D. Cal. Aug. 20, 2024) (quoting Kuxhausen, 707 F.3d at 1140) (internal quotation marks omitted).

[2] Even in lease scenarios, the offset is calculated based on the "full purchase price of the vehicle," as "120,000 miles . . . presumptively reflects the full life expectancy of a new car," and "lease payments typically reflect a component for depreciation of the automobile based on its full life expectancy and purchase price." Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002).

[3] $81,543(8,024 miles/120,000 miles) = $5,452.51. $19,882 - $5,452.51 = $14,429.49. The Court notes further that, notwithstanding that all doubts must be resolved in Plaintiff's favor, even assuming that she made another six lease payments through October 29, 2025, when she filed the Complaint, her post-offset damages still would total only $21,017.49, and thus would not change the conclusion here.

2025) (collecting cases).  That said, some courts have declined to consider penalties in situations, such as that here, where a plaintiff does not specifically allege willful violation of the Song-Beverly Act.  See, e.g. Gomez, 2025 WL 26368 at *6 (discussing split among district courts).  Here, however, given Plaintiff's actual damages of $14,429.49, inclusion of the civil penalty would have no impact on the jurisdictional question, as even an award of the maximum penalty would result in an amount less than $44,000.  Moreover, there is no indication here, and indeed Defendant makes no attempt to demonstrate, that attorney's fees would make up the additional $31,000 or so necessary to reach the $75,000 jurisdictional threshold.

Accordingly, Defendant has not met its burden to prove that the $75,.000 amount in controversy requirement is met here, or, thus, that this Court has subject matter jurisdiction.

## V.

## CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion to Remand is **GRANTED.**

**IT IS THEREFORE ORDERED**:

This action is **REMANDED** to Los Angeles County Superior Court.

Dated:  April 30, 2026

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

6